Anderson Wise, Esq. Village Attorney, Sackets Harbor
You ask whether a planner who is employed by the St. Lawrence-Eastern Ontario Commission (hereafter "Commission"), a State agency, may also serve on the planning board of a village which receives technical planning assistance from the Commission.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We know of no constitutional or statutory prohibition against holding the two positions in question. Village Law, § 3-300(4) provides, except as is otherwise provided by law,
 "* * * no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
Thus, the issue is whether there is incompatibility under the common law. Neither position is subordinate to the other. The only question is whether there is an inherent inconsistency between the positions.
The Commission is authorized to assist municipalities to prepare and adopt comprehensive planning programs for the protection and development of the historic, ecological, economic and natural resources of the St. Lawrence-Eastern Ontario area (Executive Law, §§ 847-a, 847-e[9]). The Commission has for several years provided such planning assistance to your village in connection with various village development and preservation projects. These projects include the preparation of an overall development plan for the village, a water revitalization program, a park management plan, and a market feasibility study for a proposed historic site. A planner employed by the Commission who works on these projects has been appointed to the village planning board.
You have advised us that, under your village's zoning law, the planning board is given the power to review and approve site plans and applications for special use permits covering a broad range of special uses. You state that any overall development plan adopted with the assistance of the Commission will be subject to the approval of the planning board. Additionally, specific aspects of the plan will be subject to the planning board's review powers over site plans and special permits. Thus, the board will play a crucial role in determining whether these programs will be implemented. We think it is clear from this that there will be many occasions when the Commission employee as planning board member would be passing upon his activities as a planning consultant to the village. We believe, therefore, that there is an inherent inconsistency between this combination of positions.
We conclude that an employee of the St. Lawrence-Eastern Ontario Commission who provides planning assistance to a village on projects which are subject to review and approval by the village planning board may not simultaneously serve as a member of that board.